**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00003-WJM-MEH

ALFONSO A. CARRILLO,
NORA G. GONZALEZ CUEVAS,
JAMIE ESCOBEDO,
RICIO G. VILLARREAL,
JOSE A. CHARUPE,
MARIA C. FERNANDEZ,
ALVARO NUNEZ,
JOSE AGUSTIN TELLEX,
JOSE GONZALEZ,
MARIA E. ELIAS,
ELDA URQUIDI,
ERNESTO LEDEZMA,
HUGO PACHECO ORTIZ,
JOSEFA ORTEGA,
SERGIO HERNANDEZ,
JUAN PABLO REYES-CRUZ,
GONZALO PEREZ,
SELENE ROBLES,
LINA GISELA MOLINA,
SILVIA DORADO,
HECTOR PINA,
CLAUDIA OROZCO MOLINA,
ANA LUISA CHAVEZ,
ELIZABETH PADILLA,
JUAN DE DIOS MUNOZ GONZALEZ,
JEANNETTE PINA,
GERMAN JASSO BRUNO,
LAURA GUTIERREZ,
JULIO ARREGUIN, and
RUDY BREDA,

    Plaintiffs,

v.

CASTLE, STAWIARKI, LLC,
LAWRENCE CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS)

HOPP LAW FIRM, LLC,
ROBERT J. HOPP, and
GARY GLENN,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On January 3, 2012, Plaintiffs, who are *pro se*, filed the above-captioned action alleging that Defendants engaged in a scheme to fraudulently deprive them of certain rights to their homes. (ECF No. 1.) As part of Plaintiffs' Complaint, they seek a temporary restraining order and preliminary injunctive relief. (*Id*. at 31.) Plaintiffs request a January 4, 2012 hearing on their request for a temporary restraining order. (ECF No. 1-1.) For the reasons set forth below, Plaintiffs' request is denied.

Plaintiffs' request violates a number of requirements in the local and federal procedural rules. Local Rule 65.1 provides:

> **A.** **Motion**. An application for temporary restraining order shall be made in a motion separate from the complaint. A motion shall be accompanied by a certificate of counsel or pro se party, or other proof satisfactory to the court, stating:
>
> 1. that actual notice of the time of filing the motion, and copies of all pleadings and papers filed in the action to date or to be presented to the court at the hearing, have been furnished to the adverse party; or
>
> 2. the efforts made by the moving party to give such notice and furnish such copies. The provisions of D.C.COLO.L.CivR 7.1A. shall

>apply to any such motion. Except in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order.

Local Rule 7.1A prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."

Federal Rule of Civil Procedure 65 provides, in pertinent part:

> (b) **Temporary Restraining Order.**
>
>> (1)  *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>>
>>> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>>
>>> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs' request for a temporary restraining order fails to comply with a number of requirements outlined in these rules. It was contained within the Complaint; Plaintiffs did not file a separate motion. (ECF No. 1 at 31.) This violated Local Rule 65.1.

Plaintiffs did not certify that they complied with the meet-and-confer requirements outlined in Local Rule 7.1A.  Nothing in the record shows that Plaintiffs made any effort to serve a copy of all papers on Defendants or to notify Defendants of their intent to file this action and the request for injunctive relief, which violates both the local and federal rules.  Finally, Plaintiffs' Complaint is not verified and there is no affidavit clearly showing immediate and irreparable injury.  Without a verified complaint or affidavit, pursuant to Fed. R. Civ. P. 65(b)(1), the Court cannot issue a temporary restraining order without notice to Defendants.

Because Plaintiffs are *pro se*, the Court is required to construe their pleadings liberally.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  However, Plaintiffs are still required to follow the same rules of procedure as other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Because Plaintiffs have failed to comply with numerous provisions in the local and federal rules, Plaintiffs' request for a temporary restraining order is denied without prejudice to refiling a motion which complies with all of the requirements set forth in the applicable federal and local rules.

As to Plaintiffs' request for a preliminary injunction, Federal Rule of Civil Procedure 65(a) provides that the Court may issue a preliminary injunction "only on notice to the adverse party."  Nothing in the record currently before the Court shows that Plaintiffs have provided notice to Defendants of their request for injunctive relief.  Accordingly, Plaintiffs' request for a preliminary injunction is also denied without

prejudice for failure to comply with the applicable rule.

If Plaintiffs choose to refile their request for injunctive relief, they should know that the party seeking a preliminary injunction or temporary restraining order must show: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Scrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005).

The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). Consequently, granting such relief "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The same considerations apply to the issuance of a temporary restraining order. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

For the reasons set forth above, Plaintiffs' request for a temporary restraining order and preliminary injunctive relief is DENIED without prejudice.

Dated this 4th day of January, 2012.

                                                 BY THE COURT:

                                                 William J. Martínez
                                                 United States District Judge