**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00003-WJM-MEH

ALFONSO A. CARRILLO,
NORA G. GONZALEZ CUEVAS,
JAMIE ESCOBEDO,
RICIO G. VILLARREAL,
JOSE A. CHARUPE,
MARIA C. FERNANDEZ,
ALVARO NUNEZ,
JOSE AGUSTIN TELLEX,
JOSE GONZALEZ,
MARIA E. ELIAS,
ELDA URQUIDI,
ERNESTO LEDEZMA,
HUGO PACHECO ORTIZ,
JOSEFA ORTEGA,
SERGIO HERNANDEZ,
JUAN PABLO REYES-CRUZ,
GONZALO PEREZ,
SELENE ROBLES,
LINA GISELA MOLINA,
SILVIA DORADO,
HECTOR PINA,
CLAUDIA OROZCO MOLINA,
ANA LUISA CHAVEZ,
ELIZABETH PADILLA,
JUAN DE DIOS MUNOZ GONZALEZ,
JEANNETTE PINA,
GERMAN JASSO BRUNO,
LAURA GUTIERREZ,
JULIO ARREGUIN, and
RUDY BREDA,

      Plaintiffs,

v.

CASTLE, STAWIARKI, LLC,
LAWRENCE CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS)

HOPP LAW FIRM, LLC,
ROBERT J. HOPP, and
GARY GLENN,

   Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

   Plaintiffs commenced this action on January 3, 2012 alleging that Defendants violated federal and state laws in the process of foreclosing on their property and evicting them therefrom.  (ECF No. 1.)  Plaintiffs' Complaint contained a request for injunctive relief which was previously denied without prejudice by the Court for failure to comply with the procedural and notice requirements of federal and local rules.  (ECF No. 2.)

   Before the Court is Plaintiffs' renewed Motion for Temporary Restraining Order and Preliminary Injunction filed January 13, 2012.  (ECF No. 19.) (the "Renewed Motion").  For the reasons set forth below, Plaintiffs' Renewed Motion is DENIED without prejudice.

### I. LEGAL STANDARD

   To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*,

552 F.3d 1215, 1224 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court must construe Plaintiffs' Renewed Motion liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## II.   ANALYSIS

### A.   Merits of Request for Temporary Restraining Order and Preliminary Injunction

The Court finds that Plaintiffs' Renewed Motion fails to satisfy the four-part test set forth above in that Plaintiffs have failed to show that they will suffer irreparable harm if the requested relief is not granted. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005). Harm that is merely "serious or substantial" is not irreparable. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). "[T]he party seeking injunctive relief must show that the injury complained of *is of such imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotations and citations omitted; emphasis added).

With respect to imminent harm, Plaintiffs allege as follows:

> There exists an imminent likelihood of irreparable harm to

...
...

> PLAINTIFFS's [sic] unjust loss of freedom, property, employment/income and physical and mental health that would make next to impossible for PLAINTIFFS to defend their civil rights and their property if the Temporary Restraining Order and Injunction is not granted. Also, there is an unavailability of any adequate remedy at law for PLAINTIFFS , i.e., an award of money damages after the harm has occurred will only partially restore the PLAINTIFFS' threatened loss of their rights, freedom, liberty and property as wrongly imprisoned and economically broken PLAINTIFFS could not property defend their civil rights and property. An after the harm relief would allow additional pain and suffering vs. Plaintiffs.

(ECF No. 19 ¶ 3.) There are two principle shortcomings to these allegations. The first is that there is no immediacy to any of these claims. In all of the attached affidavits, there are no specific facts set forth as to when any of the individual Plaintiffs will suffer a loss of freedom, property, employment or income. Plaintiffs do not allege that any immediate harm will occur in the near future or provide any time frame for the wrongdoing that they attribute to Defendants. Without a showing of an immediate need for the requested relief, under the prevailing case law and applicable court rules, the Court is without authority to grant a temporary restraining order. *Heideman*, 348 F.3d at 1189.

Additionally, Plaintiffs' allegations fail to show irreparable harm because they lack sufficient factual detail. Plaintiffs' Renewed Motion uses a lot of legalistic terminology, like "imminent likelihood of irreparable harm", "substantial likelihood of success", and "unavailability of any adequate remedy at law." What the Renewed Motion is wholly lacking, however, are the critical and specific *facts* this Court must

have in order to assess the merit, if any, of these contentions. This lack of facts pervades Plaintiffs' Renewed Motion and does not provide sufficient detail to permit the Court to apply the legal standard set forth above.

If Plaintiffs choose to refile for a third time their request for injunctive relief, they **must** include specific and particular facts that support the relief requested. Legal conclusions—such as a statement that "[t]here exists and imminent likelihood of irreparable harm"—are neither sufficient to meet Plaintiffs' burden nor helpful to the Court. Plaintiffs need to provide specific factual allegations (*e.g.*, dates, times, particular individuals, events, documents, representations, etc.) that describe what has happened and what Plaintiffs contend is likely to happen if relief is not granted. The Court will then apply the law and the legal standard set forth above to the facts provided by the parties.

Because Plaintiffs have failed to satisfy the four-part test set forth above, their Renewed Motion for a temporary restraining order and preliminary injunction is denied without prejudice.

B.   **Power To Grant Relief Requested**

Additionally, even if Plaintiffs had satisfied the above-discussed four-part test, the Court would not be able to grant the relief they request. In the Renewed Motion, Plaintiffs ask the Court to enjoin "any and all Colorado Law enforcement entities including but not limited to Colorado Attorney General and District Attorneys" from making "arrests and criminal persecution against PLAINTIFFS so they can remain free

and in their homes, pending the resolution of all civil and criminal allegations brought forward on this action." (ECF No. 19 ¶ 7.)  Plaintiffs also ask the Court to order that the Sheriff's Departments from Adams, Grand, Douglas, and Denver counties "suspend[] all evictions and arrests against named/joining PLAINTIFFS, and ensure and restore possession of their property to each of the named PLAINTIFFS" pending resolution of this action.  (*Id.* ¶ 8.)

The Plaintiffs need to understand that, in the current posture of this case, the Court lacks the power to enter the order that Plaintiffs request.  The Court's orders are binding on only those individuals or entities that are actual parties to the action before it.[1]  *See* Fed. R. Civ. P. 65(d)(2); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("Courts do not write legislation for members of the public at large; they frame decrees and judgments binding on the parties before them."). Nothing in the record suggests that any of the law enforcement agencies against whom the injunction is sought have been made a party to this action.  In fact, Plaintiffs' Renewed Motion specifically states that "these Law Enforcement agencies shall not be construed as DEFENDANTS of this complaint in any way shape or form.  PLAINTIFFS hereby clarify that no complaint or part of the complaint shall be implied nor presumed to be against any of these Law Enforcement agencies."  (ECF No. 19 ¶ 10.)

---

[1]  This includes any "officers, agents, servants, employees, and attorneys" of the parties to the action, as well as "other person who are in active concert or participation with" any party or agent thereof.  Fed. R. Civ. P. 65(d)(2).

Because none of the entities that the Plaintiffs seeks to enjoin are parties to this action, if the Court were to issue an order that directed them to take (or stop taking) a particular action, it would be meaningless and without legal force and effect.  The Court only has the authority to issue orders against entities and individuals over which or over whom the Court has personal jurisdiction – that is, entities which have been properly made parties to this action.  If Plaintiffs renew their request for injunctive relief, they should limit the relief requested to only those entities and individuals that are named as Defendants in this action and as to whom they have served, or have attempted to serve, with a summons, complaint and motion for injunctive relief.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 19) is DENIED without prejudice.

Dated this 18th day of January, 2012.

BY THE COURT:

William J. Martínez
United States District Judge