**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00003-WJM-MEH

ALFONSO A. CARRILLO,
NORA G. GONZALEZ CUEVAS,
JAMIE ESCOBEDO,
RICIO G. VILLARREAL,
JOSE A. CHARUPE,
MARIA C. FERNANDEZ,
ALVARO NUNEZ,
JOSE AGUSTIN TELLEX,
JOSE GONZALEZ,
MARIA E. ELIAS,
ELDA URQUIDI,
ERNESTO LEDEZMA,
HUGO PACHECO ORTIZ,
JOSEFA ORTEGA,
SERGIO HERNANDEZ,
JUAN PABLO REYES-CRUZ,
GONZALO PEREZ,
SELENE ROBLES,
LINA GISELA MOLINA,
SILVIA DORADO,
HECTOR PINA,
CLAUDIA OROZCO MOLINA,
ANA LUISA CHAVEZ,
ELIZABETH PADILLA,
JUAN DE DIOS MUNOZ GONZALEZ,
JEANNETTE PINA,
GERMAN JASSO BRUNO,
LAURA GUTIERREZ,
JULIO ARREGUIN, and
RUDY BREDA,

    Plaintiffs,

v.

CASTLE, STAWIARKI, LLC,
LAWRENCE CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS)

HOPP LAW FIRM, LLC,
ROBERT J. HOPP,
GARY GLENN,
CBS 4 NEWS KCNC-TV
UNIVISION COLORADO KCEC-TV, and
DENVER DISTRICT ATTORNEY,

      Defendants.

**ORDER DENYING PLAINTIFFS' THIRD MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER, CONVERTING THE MOTION TO A MOTION FOR PRELIMINARY INJUNCTION, AND SETTING BRIEFING SCHEDULE ON THE CONVERTED MOTION FOR PRELIMINARY INJUNCTION**

This case was commenced on January 3, 2012 when Plaintiffs, who are *pro se*, filed the above-captioned action alleging that Defendants engaged in a scheme to fraudulently deprive them of certain rights to their homes. (ECF No. 1.) As part of Plaintiffs' Complaint, they sought a temporary restraining order and preliminary injunctive relief. (*Id*. at 31.) The Court denied that request without prejudice for failure to comply with the procedural requirements of Federal Rule of Civil Procedure 65 and Local Rule 65.1. (ECF No. 2.)

Plaintiffs filed a second request for a Temporary Restraining Order on January 17, 2012. (ECF No. 19.) The Court denied that request because Plaintiff had failed to show imminent likelihood of irreparable harm. (ECF No. 20.) The Court also informed Plaintiffs that it lacked jurisdiction over the entities sought to be enjoined because they were not parties to this action. (*Id*.)

Before the Court is Plaintiffs' third Emergency Motion for Temporary Restraining

Order and Injunctive Relief, filed February 16, 2012 ("Motion").  (ECF No. 74.)  In the instant Motion, Plaintiffs ask the Court to "order an immediate suspension or stay of every eviction or sale and restore every one of PLAINTIFFs on their claimed properties until the merits of its claims are properly litigated or a favorable settlement is reached."  (*Id*. at 14.)

In their Information for Temporary Restraining Order, Plaintiffs admit that they have not notified Defendants about this Motion.  (ECF No. 74-1.)  The failure to notify the opposing parties violates both Local Rule 65.1(A) and Federal Rule of Civil Procedure 65(b)(2).  Additionally, Plaintiffs' Motion is not verified and there is no affidavit clearly showing immediate and irreparable injury.  Without a verified complaint or affidavit, pursuant to Fed. R. Civ. P. 65(b)(1), the Court cannot issue a temporary restraining order without notice to Defendants.  Because there has been no such notice in this case, Plaintiffs' request for a temporary restraining order is DENIED.

However, Plaintiffs' Motion also, in the alternative, seeks injunctive relief.  (ECF No. 74.)  While a temporary restraining order can last no longer than 14 days, *see* Fed. R. Civ. P. 65(b)(2), a preliminary injunction can be in place until the merits of the case are resolved.  *See Muckleshoot Indian Tribe v. Hall*, 698 F.Supp. 1504, 1517 (W.D. Wash. 1988) (noting that preliminary injunction "shall remain in effect until a decision on the merits of plaintiffs' complaint has been reached.").

Additionally, while the Plaintiffs' Motion alleges that they will suffer irreparable harm in the absence of injunctive relief, there is no allegation that such harm is

imminent.  (*See* ECF No. 74 at 8-10 (describing generally the harm suffered when a house is foreclosed on and sold at a public sale)).  A temporary restraining order can only be granted when there is such a showing of <u>imminent</u> irreparable harm that the Court is compelled to act before it is possible to provide notice to the opposing party. *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  Because Plaintiffs have not shown any imminent irreparable harm, the Court finds that the most prudent way to treat the instant Motion is to convert it to a motion for a preliminary injunction and allow Defendants an opportunity to be heard on the converted motion. *See Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000) (trial court has broad discretion to manage the timing and process for injunctive relief).

Federal Rule of Civil Procedure 65(a) provides that the Court may issue a preliminary injunction only upon notice to the adverse party.  Plaintiffs' Certificate of Mailing states that they mailed a copy of the instant Motion to some Defendants on February 16, 2012.[1]  It does not appear that Plaintiffs have served Defendants CBS 4 News and Univision Colorado.  Plaintiffs are therefore ORDERED to serve a copy of the February 16, 2012 Motion for Temporary Restraining Order and Injunctive Relief on Defendants CBS 4 News and Univision as soon as possible.

Additionally, the Court ORDERS Defendants to respond to Plaintiffs' converted motion for preliminary injunction not later than February 24, 2012.  After all parties have

---

[1] The Court notes that at least some of the Defendants have appeared in this action and, therefore, should receive notice of the Motion through the Court's electronic filing system.

had an opportunity to be heard on the issue, the Court will consider the merits of Plaintiffs' converted motion for preliminary injunction.

Dated this 17th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge