**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-00003-WJM-MEH

ALFONSO A. CARRILLO,
NORA G. GONZALEZ CUEVAS,
JAMIE ESCOBEDO,
RICIO G. VILLARREAL,
JOSE A. CHARUPE,
MARIA C. FERNANDEZ,
ALVARO NUNEZ,
JOSE AGUSTIN TELLES,
JOSE GONZALEZ,
MARIA E. ELIAS,
ELDA URQUIDI,
ERNESTO LEDEZMA,
HUGO PACHECO ORTIZ,
JOSEFA ORTEGA,
SERGIO HERNANDEZ,
JUAN PABLO REYES-CRUZ,
GONZALO PEREZ,
SELENE ROBLES,
LINA GISELA MOLINA,
SILVIA DORADO,
HECTOR PINA,
CLAUDIA OROZCO MOLINA,
ANA LUISA CHAVEZ,
ELIZABETH PADILLA,
JUAN DE DIOS MUNOZ GONZALEZ,
JEANNETTE PINA,
GERMAN JASSO BRUNO,
LAURA GUTIERREZ,
JULIO ARREGUIN, and
RUDY BREDA,

      Plaintiffs,

v.

CASTLE, STAWIARKI, LLC,
LAWRENCE CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS)

HOPP LAW FIRM, LLC,
ROBERT J. HOPP,
GARY GLENN,
CBS 4 NEWS KCNC-TV
UNIVISION COLORADO KCEC-TV, and
DENVER DISTRICT ATTORNEY,

      Defendants.

---

**ORDER DENYING PLAINTIFFS' FOURTH MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION WHICH THE COURT CONSTRUES AS A MOTION TO RECONSIDER AND DENYING PLAINTIFFS' REQUEST TO ADD MORE INDIVIDUALS AS PARTIES TO THIS CASE**

---

This case was commenced on January 3, 2012 when Plaintiffs, who are *pro se*, filed the above-captioned action alleging that Defendants engaged in a scheme to fraudulently deprive them of certain rights to their homes.  (ECF No. 1.)  As part of Plaintiffs' Complaint, they sought a temporary restraining order and preliminary injunctive relief.  (*Id*. at 31.)  The Court denied that request without prejudice for failure to comply with the procedural requirements of Federal Rule of Civil Procedure 65 and Local Rule 65.1.  (ECF No. 2.)

Plaintiffs filed a second request for a Temporary Restraining Order on January 17, 2012.  (ECF No. 19.)  The Court denied that request because Plaintiff had failed to show imminent likelihood of irreparable harm.  (ECF No. 20.)  The Court also informed Plaintiffs that it lacked jurisdiction over the entities sought to be enjoined because they were not parties to this action.  (*Id*.)

Plaintiff filed a third request for a Temporary Restraining Order and/or

Preliminary Injunction on February 14, 2012.  (ECF No. 74.)  On February 17, 2012, the Court denied the request to the extent it sought a temporary restraining order because Plaintiffs had failed to satisfy Federal Rule of Civil Procedure 65's notice requirements and because Plaintiffs had failed to establish that they would suffer immediate and irreparable injury in the absence of an order granting them the relief they sought.  (ECF No. 76.)  However, the Court converted the request to a Motion for Preliminary Injunction and ordered Defendants to respond on an accelerated basis.  (*Id.*) Defendants' response to the Motion for Preliminary Injunction is due today, February 24, 2012.  (*Id.*)  The Court also informed the parties that it would consider the Motion for Preliminary Injunction on its merits after it was fully briefed by the parties.  (*Id.*)  That same day, the undersigned referred the converted Motion for Preliminary Injunction to U.S. Magistrate Judge Michael E. Hegarty for a recommended disposition.

Before the Court is Plaintiffs' fourth Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction, filed February 24, 2012.  (ECF No. 97.) Although titled as a "Motion for Temporary Restraining Order and/or Preliminary Injunction", the arguments contained therein ask the Court to reconsider its prior denials of Plaintiffs' requests for temporary restraining orders.  (*Id*. at 2.)  Thus, the Court construes the instant Motion as one for reconsideration rather than a new request for a temporary restraining order.

The Court should reconsider a prior ruling only if: (1) evidence is substantially different; (2) controlling law has changed; or (3) the prior decision was clearly erroneous

and would work a manifest injustice. *See Wessel v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006). Nothing in the current filing meets these standards. Plaintiffs supply examples of how they either have already been evicted from their homes or are being threatened by eviction. (*Id.* at 3-6.) Plaintiffs allege that deputies in the Denver County, Adams County, and Grand County Sheriff's Departments think they are the "highest Law in the County" and are effecting unlawful evictions. (*Id.*) As the Court previously informed Plaintiffs, it lacks jurisdiction over non-parties, including the various Sheriff's offices. (*See* ECF No. 20 at 5-7.) Moreover, examples of past evictions do not show that Plaintiffs are threatened by imminent irreparable harm. The Court does not find that its prior ruling was clearly erroneous.

The Court notes that Plaintiffs have raised essentially the same arguments in four motions seeking a temporary restraining order. (ECF Nos. 1, 19, 74 & 97.) The Court has informed Plaintiffs that these arguments will be considered on the merits in the course of the Court's ruling on their Motion for Preliminary Injunction (ECF No. 74), once Defendants have had the opportunity to respond. (ECF No. 76 at 4-5.) Rather than continuing to file serial requests for temporary restraining orders, Plaintiffs would be well-served to respect the procedures the Court has in place for adjudicating their claims and instead focus their energies on their Motion for Preliminary Injunction and the evidence that they will present in support of that Motion, instead of filing serial motions for a temporary restraining order.

Plaintiffs have attached to the instant Motion to Reconsider evidence of past and

future evictions and other legal proceedings brought against them.  If Plaintiffs would like this evidence considered by the Court when ruling on the Motion for Preliminary Injunction (ECF No. 74), Plaintiffs should request to supplement the Motion for Preliminary Injunction.  Plaintiffs are also free to present this evidence to Magistrate Judge Hegarty at a hearing held on the Motion for Preliminary Injunction, if one is held.

Additionally, in the instant Motion, Plaintiffs "respectfully request to include or add all newly named PPLAINTIFFS [sic] on this case."  (ECF No. 97 at 7.)  The proper way to add parties to a case is to file an amended pleading.  Accordingly, the request to add additional individual as plaintiffs contained in the instant Motion is DENIED without prejudice.  Plaintiffs are free to seek leave to file an amended complaint if they wish to add persons as plaintiffs in this case.  Because Plaintiffs have already amended their complaint once, they must file a motion requesting leave of court to file a second amended complaint to add additional parties.  *See* Fed. R. Civ. P. 15(a)(2).

For the reasons set forth above, Plaintiffs' fourth Motion for Temporary Restraining Order and/or Preliminary Injunction, which the Court construes as a Motion to Reconsider, is DENIED.  The Court also DENIES without prejudice Plaintiff's request to add more individuals as party-plaintiffs to this action.

Dated this 24th day of February, 2012.

BY THE COURT:

William J. Martinez
United States District Judge