IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00003-WJM-MEH

ALFONSO A. CARRILLO,
NORA G. GONZALEZ CUEVAS,
JAIME ESCOBEDO,
ROCIO G. VILLARREAL,
JOSE A. CHARUPE,
MARIA C. FERNANDEZ,
ALVARO NUNEZ,
JOSE AGUSTIN TELLES,
JOSE GONZALEZ,
MARIA E. ELIAS,
ELDA URQUIDI,
ERNESTO LEDEZMA,
HUGO PACHECO ORTIZ,
PEDRO BARRON CHAVEZ,
JOSEFA ORTEGA,
SERGIO HERNANDEZ,
JUAN PABLO REYES-CRUZ,
GONZALO PEREZ,
SELENE ROBLES,
LINA GISELA MOLINA,
SILVIA DORADO,
HECTOR PINA,
CLAUDIA OROZCO MOLINA,
ANA LUISA CHAVEZ,
ELIZABETH PADILLA,
JUAN DE DIOS MUNOZ GONZALEZ,
JEANNETTE PINA,
GERMAN JASSO BRUNO,
LAURA GUTIERREZ,
JULIO ARREGUIN, and
RUDY BREDA,

      Plaintiffs,

v.

CASTLE, STAWIARSKI, LLC,
LAWRENCE CASTLE,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS),
THE HOPP LAW FIRM, LLC,
ROBERT J. HOPP,
GARY GLENN,
CBS 4 NEWS KCNC-TV,

UNIVISION COLORADO KCEC-TV, and
DENVER DISTRICT ATTORNEY,

      Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte* due to the failure of certain Plaintiffs prosecute this action. For the reasons described below, the Court recommends the following five Plaintiffs be dismissed without prejudice: Rocio G. Villarreal, Jose A. Charupe, Maria Fernandez, Elda Urquidi, and Ernesto Ledezma.

## BACKGROUND

Plaintiffs initiated this action *pro se* on January 3, 2012, asserting, among other claims, violations of the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Matthew Shepherd Act, and several provisions of Colorado law. (Docket #1, 3.) Plaintiffs filed an amended complaint on February 6, 2012, adding CBS 4 News KNCT-TV, Univision, and the Denver District Attorney as defendants. (Docket #48 at 1.) Against these defendants, Plaintiffs' amended complaint asserts claims of fraud and defamation. (*Id.* at 2.)

Though this litigation is relatively young, its history has become rather convoluted. In the interest of clarity, the Court will address the following significant developments in turn: 1) the March 5, 2012 Order to Show Cause and issues related thereto; 2) the appearances of Plaintiffs' counsel; and 3) the April 5, 2012 Status Conference.

**I.**     **March 5, 2012 Order to Show Cause**

On March 5, 2012, at 9:00 a.m., the Court held a Status Conference in this case. (Docket #117.) In light of concerns regarding Plaintiffs' participation in this lawsuit, the Court ordered all

parties to be present. (*See* dockets ##85, 91.) Four minutes before the Status Conference was to scheduled to begin, Plaintiffs filed a Motion to Continue or Reschedule Status Conference asking the Court to postpone the Status Conference until after the Court issued a ruling on Plaintiffs' pending motion for a preliminary injunction. (Docket #115.) The Court denied the motion as moot, but took notice of the allegations contained therein for purposes of a subsequent Order to Show Cause. (Docket #122.)

The Court opened the Status Conference by requiring each named Plaintiff to identify him or herself on the record. Several Plaintiffs did not appear, including but not limited to the five Plaintiffs who are the subject of this recommendation. The alleged reason for their failure to appear was outlined in Plaintiffs' Motion to Continue. (Docket #115.) In particular, the Motion alleged that several Plaintiffs, including Rocio Villarreal, Jose Charupe, Maria Fernandez, Elda Urquidi, and Ernesto Ledezma were afraid to attend the Status Conference because they received threats from law enforcement officials as a result of their participation in this lawsuit. (*Id*. at 3.) While some of the Plaintiffs identified in the Motion to Continue appeared at the Status Conference, the aforementioned Plaintiffs did not. Additionally, none of the aforementioned Plaintiffs allegedly threatened by law enforcement legibly signed the Motion to Continue.[1] (*See id*. at 4.) With the exception of the Motion to Continue, which Plaintiffs filed mere minutes before the Status Conference, none of the absent Plaintiffs notified the Court of their intended absence, requested the Court reschedule the Status Conference, or sought leave to appear by phone. Moreover, because none of the absent Plaintiffs mentioned in the Motion to Continue actually signed the document, the Court did not consider the Motion to be representative of their positions. (*See* docket #122.)

---

[1] While some of the signatures on the Motion are indecipherable, the Court does recognize the signatures of Alfonso Carrillo, Nora Gonzalez Cuevas, Jeannette Pina, Rudy Breda, Maria Elias, Jose Agustin Telles, and Silvia Dorado. However, it is clear that not every Plaintiff described in the Motion signed the document accordingly.

In light of Plaintiffs' failure to appear, the Court issued an Order to Show Cause on March 5, 2012, directing all of the absent Plaintiffs, including the five referenced herein, to show cause in writing and filed with the Court as to why they should not be sanctioned for failure to appear and why the Court should not recommend their dismissal from this lawsuit for failure to prosecute the action. (*Id*. at 4.) The Court emphasized that each Plaintiff who failed to appear must file a separately titled and personally signed response on or before March 16, 2012. (*Id*.)

Of the five Plaintiffs at issue in this recommendation, only Mr. Charupe filed a timely response to the Order to Show Cause. (*See* docket #177.) Mr. Charupe alleges that he chose not to attend the Status Conference because of the "unprofessional treatment and menacing tone of Adams County Sheriff Deputy Greg Barnett." (*Id*. at 1.) In light of the Sheriff's authority to "arrest anyone," Mr. Charupe claims he was sincerely afraid to attend the Status Conference. (*Id*.) Plaintiffs Villarreal, Fernandez, Urquidi, and Ledezma no response on March 16, 2012, and no response as of this date.

On the same day their responses were due, Plaintiffs Alfonso Carrillo, Jeanette Pina, and Sergio Hernandez filed a motion for extension of time to respond to Defendants' pending motions and to the Court's Order to Show Cause. (Docket #166.) The Court denied the motion without prejudice for failure to comply with the local rules and because Plaintiffs Carrillo, Pina, and Hernandez improperly attempted to make representations on behalf of other Plaintiffs in this lawsuit. (*See* docket #241 at 2.) In particular, Plaintiffs Carrillo, Pina, and Hernandez sought an extension of time for Urquidi, Ledezma, Villarreal, Escobedo, and Pacheco to respond to the Order to Show Cause. (Docket # 166 at 3.) However, none of the individuals purportedly seeking the extension signed the motion. (*See id*.) The Court noted that Plaintiffs Carrillo, Pina, and Hernandez were not attorneys, were not designated as "lead Plaintiffs," and were not legally authorized to speak on

4

behalf of other Plaintiffs in this litigation. (Docket #241 at 2.) Thus, the Court does not consider the motion to represent the position any Plaintiff except for the three who signed it.

## II.     Appearances of Plaintiffs' Counsel

At the suggestion of Defendants and the Court, Plaintiffs moved for the appointment of counsel on March 5, 2012. (Docket #120.) Though the Court declined to affirmatively "appoint" counsel, it agreed to engage in appropriate efforts to find volunteer counsel to represent Plaintiffs accordingly. (Docket #123 at 3.)

Thus far, the following four attorneys have entered their appearances on behalf of certain Plaintiffs: Aubrey Christina Helling, Douglas Leo Romero, Timothy D. Edstrom, and Traci Lynn Christy. According to the Notices of Entry of Appearance, the following Plaintiffs are now represented by counsel: Alfonso Carrillo, Nora G. Gonzales Cuevas, Alvaro Nunez, Jose Augustin Telles[2], Jose Gonzalez, Maria E. Elias, Hugo Pacheco Ortiz, Pedro Barron Chavez, Josefa Ortega, Sergio Hernandez, Juan Pablo Reyes-Cruz, Gonzalo Perez, Selene Robles, Lina Gisela Molina, Sylvia Dorado, Hector Pina, Claudia Orozco Molina, Ana Luisa Chavez, Elizabeth Padilla, Juan De Dios Munoz-Gonzalez, Jeannette Pina, German Jasso Bruno, Laura Gutierrez, Julio Arreguin, and Rudy Breda. (*See* dockets ## 221, 222, 224, 234, 235, 236, 237.) In addition, according to statements made on the record at the April 5, 2012 Status Conference, counsel also represents Jaime Escobedo. Thus, the only Plaintiffs who remain *pro se* are the five Plaintiffs at issue in this recommendation: Rocio G. Villarreal, Jose A. Charupe, Maria Fernandez, Elda Urquidi, and Ernesto Ledezma.

## III.    April 5, 2012 Status Conference

---

[2]The docket in this case reflects Plaintiff's name as "Agustin Telles." The Court addressed this issue on the record at the April 5, 2012 Status Conference, and Plaintiffs' counsel agreed to correct the error.

In light of Plaintiffs' failure to respond to several pending motions and the recent appearance of counsel, the Court held a Status Conference in this case on April 5, 2012, to address the briefing schedule and issues related to service. (*See* dockets ##227, 228.) The Court ordered counsel and all unrepresented parties to appear, but noted that counsel or parties could appear telephonically with the Court's advanced permission. (*See id.*) The Court received no such requests.

Counsel for the represented Plaintiffs and for Defendants appeared at the April 5, 2012 Status Conference; however, the five Plaintiffs named in this recommendation did not. None of the Plaintiffs who failed to appear notified the Court of their absence or moved to reschedule the matter for a later date.

After discussions regarding alleged deficiencies of service against Defendants Univision and Lawrence Castle, Plaintiffs' counsel expressed an intent to dismiss the action without prejudice. Defendants did not object. Thus, the Court anticipates that a motion to dismiss pursuant to Fed. R. Civ. P. 41 will be forthcoming. Of course, Plaintiffs' counsel may only seek dismissal on behalf of the Plaintiffs they represent.

As mentioned above, several Plaintiffs named in the Order to Show Cause failed to file a timely response. However, this recommendation does not pertain to Plaintiffs Jamie Escobedo, Huge Pacheco Ortiz, or Hector Pina because those Plaintiffs, through counsel, have already agreed to dismiss the action without prejudice. Thus, Court limits its recommendation of dismissal to Plaintiffs Rocio G. Villarreal, Jose A. Charupe, Maria Fernandez, Elda Urquidi, and Ernesto Ledezma.

## DISCUSSION

Although the above-referenced Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of prosecuting this case with due diligence. Plaintiffs were ordered to

6

appear at the March 5, 2012 Status Conference. While many Plaintiffs did appear, the above-referenced Plaintiffs did not. As a result of that failure, the Court directed Plaintiffs to file a written response explaining their absence. With the exception of Mr. Charupe, all failed to do so. Finally, the Court directed all unrepresented parties to appear at the April 5, 2012 Status Conference. Again, none of the above-referenced Plaintiffs were present. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure and Court orders that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the

court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, the failure of Plaintiffs to appear at the March 5, 2012 and April 5, 2012 Status Conferences adversely impacted Defendants and other Plaintiffs by preventing the Court from fully and completely addressing the issues discussed at those settings. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice. Plaintiffs' non-compliance with the judicial process by failing to appear at scheduled settings and repeatedly failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiffs to respond to the Order to Show Cause on or before March 16, 2012. Thus far, only Mr. Charupe has filed a response. However, the Court does not consider Mr. Charupe's alleged fear of the Adams County Sheriff a legitimate reason to disobey Court orders because 1) the Adams County Sheriff is not a party to this action, and thus would have no reason to be present at the Status Conference; and 2) and the law provides Mr. Charupe a civil remedy for any unlawful activity undertaken by law enforcement. Contravention of Court orders is not an available option. The record of Plaintiffs' failures to participate in the litigation leads the Court to believe Plaintiffs are culpable under these circumstances. Furthermore, the Court's Order to Show Cause asked the Plaintiffs named therein to explain why the Court should not recommend their dismissal from this lawsuit for failure to prosecute the action. (Docket #122 at 4.) Although the Court concedes that this is not an explicit warning, the Court believes it was sufficient to place Plaintiffs on

notice that their dismissal was a likely possibility. Thus, the fourth factor is satisfied, albeit less definitively than the first three.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

The above-referenced Plaintiffs have failed to prosecute this case with due diligence by failing to appear at scheduled settings, and with the exception of Mr. Charupe, failing to respond to the Court's Order to Show Cause. However, as noted above, the Court does not find Mr. Charupe's explanation sufficient to excuse his absence. For these reasons, dismissal of these Plaintiffs without prejudice is warranted.

## **CONCLUSION**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss Plaintiffs Rocio G. Villarreal, Jose A. Charupe, Maria Fernandez, Elda Urquidi, and Ernesto Ledezma without prejudice for failure to prosecute this action and for failure to comply with the Court's orders.

Dated at Denver, Colorado, this 9th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge